UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF RHODE ISLAND

Guy Williams

v.

Case No. CA 06 125

ASHBEL T.WALL,ET.AL.,

## PRELIMINARY STATEMENTS

This is a Civil Rights Action filed by Guy Williams ______________, a state prisoner, for damages and injunctive relief under 42 U.S.C. § 1983, alleging unreasonable search & seizure of plaintiff's person (**"Bodily Fluids"**), absence probable cause to submit to urinalysis test for drug detection, in violation of the U.S. Constitution & **Morris vs. Travisano** 499 f-supp. 149 (1980) consent judgment under Enumerated punishable conduct clause code (w), and confinement in segregation for a false positive urinalysis test based upon melanin, cross-reactivity of over the counter drugs, prescription drugs, certain foods, unknown factors such as; Endogenous human urinary enzymes and (via) no alternative method of urinalysis in violation of the due process clause of the 14th Amendment, 4th Amendment of the U.S. Constitution and **Morris vs. Travisano**, 499 f-supp. 149 (1980) consent judgment.

## JURISDICTION

1): The Court has supplemental jurisdiction over the Plaintiff's claims of violation of Federal Constitutional Rights under 28 U.S.C. § 1331 (A) and 1343.

## PARTIES

2.THE PLAINTIFF Guy Williams WAS INCARCERATED AT THE ADULT CORRECTIONAL INSTITUTIONS MEDIUM SECURITY PRISON #1 IN CRANSTON, R.I.,DURING THE EVENTS DESRIBED IN THIS COMPLAINT.

3.DEFENDANT ASHBEL T.WALL IS THE DIRECTOR OF THE RHODE ISLAND DEPARTMENT OF CORRECTIONS EMPLOYED BY THE STATE OF RHODE ISLAND. HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS THE

__SEE ATTACHED SHEET_

DIRECTOR OF THE RHODE ISLAND DEPARTMENT OF CORRECTIONS.

4.DEFENDANT JOHN AND JANE DOE'S ARE LT.CORRECTIONAL OFFICER AND CORRECTIONAL OFFICERS EMPLOYED AT THE RHODE ISLAND DEPARTMENT OF CORRECTIONS IN CRANSTON,RHODE ISLAND.THEY ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

5.DEFENDANT ANN J.FORTIN IS THE CHIEF OF POGRAM AND DEVELOPMENT ADMINISTRATION AT THE ADULT CORRECTIONAL INSTITUTIONS (ACI),IN CRANSTON.RHODE ISLAND.SHE IS SUED IN HER INDIVIDUAL AND OFFICIAL CAPACITY AS THE CHIEF OF PROGRAM AND DEVELOPMENT.

6.ALL THE DEFENDANTS HAVE ACTED,AND CONTINUE TO ACT,UNDER COLOR OF STATE LAW AT ALL TIMES RELEVANT TO THISCOMPLAINT.

## STATEMENT OF FACTS

7.PLAINTIFF ALLEGES DEFENDANT JANE DOE AND DEFENDANT FORTIN,CHIEF -PROGRAM DEVELOPMENT SENT A COPY OF SUMMARY OF MAJOR CHANGES TO DISCIPLINE PROCEDURES AND PUNISHABLE CONDUCT CLAUSES THAT PRISONERS COULD BE CHARGED AND FOUND GUILTY OF ON 10/13/04 TO DEFENDANT JANE DOE ,SUBJECT MATTER:11-01-4 DOC;CODE OF INMATE DISCPLINE.WHICH STATES IN PERTIENT PARTS:

"IN 1972,AS A RESULT OF LITIGATION FILED BY INMATES ALLEGING CONSTITUTIONALLY INADEQUATE DISCIPLINARY PROCEDURES,THE DEPARTMENT OF CORRECTIONS AGREED TO PUT INTO PLACE A SERIES OF RULES GOVERNING THE DISCIPLINARY PROCESS THAT BECAME KNOWN AS THE "MORRIS RULES".

OVER THE YEARS,A SERIES OF RULINGS BY BOTH THE RHODE ISLAND SUPREME COURT AND THE FEDERAL DISTRICT COURT HAVE BEEN ISSUED IN CONNECTION WITH THESE RULES.THESE DECISIONS INCLUDE L'HEUREUX V. DEPARTMENT OF CORRECTIONS,708 A.2D 549 (RI.1998), DECIANTIS V.WALL,795 A.2D 1121 (RI.2002),DOCTOR V.WALL,143 F. SUPP.2D 203 (DRI.2001)AND CUGINI V.VENTETUOLO,781 F.SUPP.107 (DRI.1992).<u>THE CUMULATIVE EFFECT OF THESE RULINGS IS THAT THE MORRIS RULES NO LONGER APPLY.</u>

8. ON THE 22 DAY OF September ,2005 DEFENDANT JOHN DOE'S SUMMONED PLAINTIFF TO THE MEDIUM SECURITY PRISON # 1 VISITING ROOM AREA TO SUBMIT TO AN URINALYSIS TEST FOR DRUG DETECTION WITHOUT COMPLYING WITH DUE PROCESS OF LAW, MANDATES OF MORRIS V.TRAVISONO, 499 F.SUPP.149 (1980) CONSENT JUDGMENT ON PAGE # 172 THAT STATES: "REFUSAL TO SUBMIT TO A REQUIRED EXAMINATION AFTER SUPERIOR OFFICER HAS DETERMINED INMATE IS UNDER THE INFLUENCE OF A NARCOTIC AND/OR ALCOHOLIC STIMULANT".

9. UPON PLAINTIF ARRIVING AT THE VISITING ROOM AREA IN THE MEDIUM SECURITY PRISON DEFENDANT JOHN DOE'S INFORMED THE PLAINTIFF TO GO SIT IN THE HOLDING AREA UNTIL CALLED TO SUBMIT TO URINALYSIS TEST.

10. PLAINTIFF COMPLIED WITH THE DIRECT ORDER OF DEFENDANT JOHN DOE'S.AND WENT AND SAT IN THE HOLDING AREA CELL AS DIRECTED.

11. SUBSEQUENTLY, DEFENDANT JOHN DOE'S SUMMONED PLAINTIFF INTO CLASSIFICATION ROOM AREA TO SEE DEFENDANT JOHN DOE, AND TO SIGN URINE BOTTLE ,AND GIVE HIS NAME AND IDENTIFICATION NUMBER.AND, GIVE INFORMATION RELATIVE TO PATIENT-PHYSICAN PRIVILEGE (CONFIDENTIALITY) THAT VIOLATES POLICY, STATE AND FEDERAL LAW.

12. PLAINTIFF ALLEGES IT IS IMPORTANT TO POINT OUT, THAT, THE EMIT TEST CAUSES FALSE POSITIVES FOR DRUG USE BASED UPON MELANIN, CROSS REACTIVITY OF OVER THE COUNTERY DRUGS, PRESCRIPTION DRUGS, CERTAIN FOODS, UNKNOWN FACTORS SUCH AS ENDOGEOUS HUMAN URINARY ENZYMES AND VIA NO ALTERNATIVE METHOD OF URINALYSIS.

13. PLAINTIFF SUBMITTED TO URINALYSIS AND PLACED THE URINE BOTTLE AFTER SEALING IT WITH A PLASTIC TAPE WITH A NUMBER ON BOTTLE. ~~AND~~ IN A PLASTIC BUCKET USED FOR CLEANING CHEMICALS AMONG OTHER URINE SAMPLES THAT WERE SITTING IN BUCKET IN ROOM TEMPTURE THAT CONTAMINATED URINES AND BROKE THE CHAIN OF CUSTODY.AS WELL AS WERE NOT IMMEDIATELY PLACED IN A REFRIDGERATOR AND FROZEN.

14. ON THE 22 DAY OF September 2005 DEFENDANT JOHN DOE'S PER THE ORDER OF DEFENDANT John D.E HAD THE PLAINTIFF TAKEN TO SEGREGATION BASED UPON A FALSE POSITIVE TEST FOR DRUGS.AND, WITHOUT COMPLYING WITH MORRIS V.TRAVISONO, SUPRA., A MUCH MORE ACCURATE ALTERNATIVE METHOD OF TESTING TEST TWICE. AND NOT BY THE SAME EMIT MACHINE AND/OR A DIFFERENT DEFENDANT John D.E ON SAME EMIT MACHINE THAT IS STILL UNCLEAN AND COULD CARRY OVER ERROR OF OVER THE COUNTER DRUGS AS THOUGH PLAINTIFF DID DRUGS.

15. PLAITIFF ALLEGES EMIT TEST IS UNRELIABLE AND RACIALLY BIASED. AND THAT TEST IS NONSPECIFIC AND IDEALLY USED AS AN INITIAL SCREENING TEST BECAUSE IT SERVES AS AN INDICATOR THAT FRAGMENTS OF THC, THE CHEMICAL WHICH GIVES MARIJUANA ITS INTOXICATING EFFECT -COULD BE IN THE URINE ,BUT DOES NOT DIRECTLY MEASURE OR IDENTIFY THE PRESENCE OF THC.

#16 ON 22 DAY OF September ,2005 DEFENDANT JOHN DOE READ PLAINTIFF A DISCIPLINARY REPORT WITHOUT COMPLYING WITH DUE PROCESS OF CLAUSE,AND MORRIS V.TRAVISONO,499 F.SUPP.149 (1980), CONSENT JUDGMENT AT PAGE 160,PARAGRAPH C,D,E,F,AND H.BUT,DID ASK PLAINTIFF DID HE WANT TO PRESENT WITNESSES TESTIMONY,AND MAKE A PLEA TO INFRACTION,AND DID HE WISH TO WAIVE 24 NOTICE

#17. PLAINTIFF OBJECTED TO BEING CHARGED WITH BEING UNDER THE INFLUENCE OF DRUGS VIA AN IMPROPERLY PROMULGATED POLICY AND NOT MORRIS V.TRAVISONO,SUPRA.,THAT ENUMERATES PUNISHABLE CONDUCT INMATES WILL BE SUBJECT TO DISCIPLINARY ACTION IF FOUND GUILTY OF THE FOLLOWING CODE (A) THRU (X).

#18.PLAINTIFF FURTHER STATED TO DEFENDANT JOHN DOE THAT HE COULD ONLY BE REQUIRED TO SUBMIT TO A URINALYSIS TEST UNDER MORRIS V.TRAVISONO,SUPRA.,UNDER PUNISHABLE CONDUCT CLAUSE CODE (W) WHICH STATES:"REFUSAL TO SUBMIT TO REQUIRED EXAMINATION AFTER SUPERIOR OFFICER HAS DETERMINED INMATE IS UNDER THE INFLUENCE OF A NARCOTIC AND?OR ALCOHOLIC STIMULANT".

#19. PLAINTIFF ALLEGES TO THIS HONORABLE COURT THAT THE ABOVE ILLEGAL SEARCH AND SEIZURE OF PLAINTIFF'S PERSON (BODILY FLUIDS) WITHOUT PROBABLE CAUSE AS SET FORTH IN THE MANDATES OF MORRIS V.TRAVISONO,SUPRA.,IS A VIOLATION OF THE DUE PROCESS CLAUSE OF SAID MANDATES,U.S.CONSTITUTION,AND HIS FOURTH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURE OF HIS PERSON (BODILY FLUIDS).

#20. DEFENDANT JOHN DOE TOLD PLAINTIFF TO TELL IT IT TO THE DISCIP-LINARY BOARD,AND THAT MORRIS V.TRAVISONO,SUPRA.,NO LONGER APPLY (S) TO DISCIPLINARY PROCEDURES ,IN TOTAL DISREGARD FOR PLAINTIFF (S) RIGHTS PROCEDURAL SAFEGUARD,OR SEARCH AND SEIZURE OF HIS PERSON (BODILY FLUIDS) AS THOUGH HE,DEFENDANTS JOHN AND JANE DOE'S AND DEPARTMENT OF CORRECTIONS DEFENDANT WALL AND HIS SUBORBINATES ARE ABOVE THE LAW.

#21. ON 23 DAY OF September ,2005.,PLAINTIFF WAS SUMMONED TO A SO:CALLED DISCIPLINARY BOARD IN MEDIUM SECURITY PRISON # 1 SEGREGATION AREA.

#22. UPON ARRIVING AT THE DEFENDANTS" SO:CALLED DISCIPLINARY BOARD PLAINTIFF OBJECTED TO BOARD NOT BEING IN COMPLIANCE WITH MORRIS V.TRAVISONO,SUPRA.,MANDATES AT SECTION III,PARAGRAPH A,C-4,C-5,C-8,C-9 AND DEFENDANT JOHN AND JANE DOE INFORMED PLAIN-TIFF MORRIS V.TRAVISONO,SUPRA.,NO LONGER APPLY'S AND THEY FOLLOW CODE OF INMATE DISCIPLINE POLICY.

#23. DEFENDANT JOHN DOE ASKED PLAINTIFF HOW HE PLEAD AND PLAINT-IFF STATED NOT GUILTY AND REQUESTED TO BE DISCIPLINED UNDER THE MORRIS V.TRAVISONO,499 F.SUPP.149 (1980) CONSENT JUDGMENT.

#24. DEFENDANT JOHN DOE DOMMENCED THE DISCIPLINE BOARD AND READ THE CHARGES TO THE PLAINTIFF FOR BEING UNDER THE INFLUENCE OF DRUGS.

#25. PLAINTIFF STATED HE WOULD LIKE A COPY OF THE URINALYSIS TEST RESULTS TO PREPARE HIS DEFENSE.

#26. DEFENDANT JOHN DOE DENIED PLAINTIFF URINALYSIS TEST RESULTS TO PREPARE HIS DEFENSE AT BOARD.

#27. PLAINTIFF REQUESTED WITNESSES WHOM CONDUCTED THE URINALYSIS TEST FOR THE DETECTION OF DRUGS.AND DID A ALTERNATIVE METHOD OF TESTING OF URINE SAMPLE TO VERIFY WHETHER IT WAS POSITIVE FOR DRUGS.

#28. DEFNDANT JOHN DOE RELIED ON URINALYSIS TEST RESULTS AND TO PLAINTIFF TO STEP OUT OF DISCIPLINE BOARD ROOM WHILE THEY MADE THIER DECISION.

#29. PLAINTIFF COPLIED WITH THE ORDER AND EXITED ROOM TO AWAIT THE THE BOARDS DECISION..

#30. DEFENDANT JOHN AND JANE DOE SUMMONED PLAINTIFF BACK INTO THE DISCIPLINE BOARD ROOM.AND EXPLAINED THIER DECISION AS GUILTY DUE TO URINALYSIS TEST RESULTS COMING BACK POSITIVE FOR DRUGS.AND IMPOSED THE FOLLOWING SANCTIONS ON THE PLAIFIFF:

A. 21 DAY punitive S.e.G

B. 21 DAY LOSS OF GOOD

C. 30 DAY LOSS OF Visits

D.

#31. PLAINTIFF APPEALED THE BOARDS DECISION TO THE DEFENDANT WHITMAN.

#32. DFENDANT DENIED APPEAL ON THE 9/24/05 ,NOT IN COMPLIANCE WITH MORRIS RULES RELATIVE TO DUE PROCESS ENTITLEMENTS AND THE ONE (1) WEEK TIME FRAME IN WHICH TO GRANT AND/OR DENY APPEAL.

#33 THE PLAINTIFF ALLEGES IT IS IMPORTANT TO POINT OUT ,THAT,THE STATE (DEFENDANTS') HAS OCCASIONALLY TRIED TO SQUIRM LOOSE FROM THE CONSTRAINTS OF THE MORRIS RULES.IN 1973,THE STATE SUSPENDED THE RULES WITHOUT LEAVE OF THE DISTRICT COURT,BUT WE FOUND THE SUSPENSION TO BE INVALID.SEE;MORRIS, III ;509 F.2d AT 1362.IN 1980,PRISON OFFICIALS MOVED TO VACATE THE ORIGINAL CONSENT DECREE AND LIFT ENFORCEMENT OF THE RULES.THE DISTRICT COURT DENIED THE MOTION.SEE,MORRIS IV.,499 F.supp.AT 157.

#34 THE PLAINTIFF STATES IT IS IMPORTANT TO POINT TO THIS HONORABLE COURT,THAT,THE DEFENDANTS' HAVE NOT FILED A MOTION WITH THIS HONORABLE COURT TO VACATE AND/MODIFY THE MORRIS V. TRAVISONO,499 F.SUPP.149 ( 1980) CONSENT JUDGMENT RELATIVE TO PUNISHABLE CONDUCT CLAUSES ENUMERATED THEREIN,NOR DISCIPLINE PROCEDURES VIA RULE 60 (B) OF THE F.R.C.P.BY REPLACING MORRIS RULES WITH A UNLAWFULLY PROMULGATED POLICY THAT IS IN CONFLICT WITH MANDATORY LANGUAGE AS SET-FORTH IN SAID CONSENT JUDGMENT.AND DENYING PLAINTIFF PROCEDURAL SAFEGUARD RIGHTS AS SET FORTH IN MORRIS V.TRAVISONO,SUPRA.

----

#35 PLAINTIFF SUBMITTED A GRIEVANCE FORM # 1 TO DEFENDANT JOHN DOE IN REGARDS TO THE PROCEDURES IN TAKING URINES FROM PLAINTIFF NOT IN COMPLIANCE WITH THE MANDATES OF MORRIS V.TRAVISONO,499 F.SUPP.149 (1980) CONSENT JUDGMENT THAT ENUMERATES PUNISHABLE CONDUCT CLAUSES (A) THRU (X) THAT A PRISONER CAN BE DISCIPLINED FOR AND CHARGED WITH.SPECIFICALLY PLAINTIFF CAN ONLY BE REQUIRED TO SUBMIT TO URINALYSIS AFTER PROBABLE CAUSE HAS BEEN ESTABLISHED VIA CONDUCT CLAUSE (W) IN THE MORRIS V.TRAVISONO,SUPRA.,SEE, EXHIBIT ( A ) ATTACHED HERETO IN SUPPORT THEREOF.

#36 DEFENDANT JOHN DOE DENIED GRIEVANCE FORM #1 IN A ARBITRARY CAPRICOUS AND DISCRIMINATORY MANNER VIOLATING PLAINTIFF'S RIGHTS TO INVESTIGATE THE UNCONSTITUTIONAL TAKING OF URINALYSIS OF THE PLAINTIFF.

#37 PLAINTIFF SUBMITTED A GRIEVANCE FORM #3 TO DEFENDANT JOHN DOE WHICH ALSO DERNIED IN A ARBITARY,CAPRICOUS AND DISCRIMINATORY MANNER AS STATED IN PARAGRAPH #36 ,ABOVE.SEE,EXHIBIT ( A ) ATTACHED HERETO IN SUPPORT THEREOF.

## FIRST CAUSE OF ACTION

#38.PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS TO BE FREE FROM UNREASONABLE SEARH AND SEIZURE OF HIS PERSONS (BODILY FLUIDS) WAS DENIED BY ACTS OF EACH DEFENDANT,PARAGRAPH ( 1 ) THRU (37 ) AS INCORPORATED,WHEN PLAINTIFF WAS ORDERED TO SUBMIT TO URINALYSIS TEST WITHOUT PROBABLE CAUSE "TO SUBMIT TO REQUIRED EXAMINATION AFTER SUPERIOR OFFICER HAS DETERMINED INMATE IS UNDER THE INFLUENCE OF A NARCOTIC AND/OR ALCOHOLIC STIMULANT" AS SET FORTH IN MORRIS V.TRAVISONO,SUPRA.,PUNISHABLE CONDUCT CLAUSE (W).

## SECOND CAUSE OF ACTION

#39 PLAINTIFF'S FORTH AND FOURTEENTH AMENDMENT RIGHTS TO BE DISCIPLINED AND FOUND GUILTY OF PUNISHABLE CONDUCT AS ENUMERATED IN MORRIS V.TRAVISONO,SUPRA.,BASED UPON SUBSTANTIQAL EVIDENCE, WAS DENIED BY THE ACTS OF EACH DEFENDANT,PARAGRAPH ( 1 ) THRU ( 37) AS INCORPORATED,WHEN PLAINTIFF WAS FOUND GUILTY BY A SO:CALLEDV DISCIPLINE BOARD FOR BEING UNDER THE INFLUENCE OF CANNABOUS BASED UPON A UNCONFIRMED EMIT URINALYSIS TEST AND NOT ALTERNATE TEST SUCH AS A GAS CHROMATOGRAPHY AND GC-MASS SPEC TEST.

## THIRD CAUSE OF ACTION

#40.PLAINTIFF'S FORTH AND FOURTEENTH AMENDMENT RIGHTS TO EQUAL PROTECTION OF LAW,WAS,WAS DENIED BY ACTS OF EACH DEFENDANT,AS INCORPORATED ,PARAGRAPH ( 1 ) THRU (37),WHEN HE WAS DISCIPLINED AND FOUND GUILTY OF BEING UNDER THE INFLUENCE OF CANNABOUS VIA A EMIT TEST THAT IS UNRELIABLE AND RACIALLY BIAS.BECAUSE PLAINTIFF,AN AFRICAN AMERICAN MALE,BLACK PEOPLE DISPROPORTIONATELY OBTAIN FALSE POSITIVES FOR DRUG USE ON THE EMIT TEST BECAUSE THEY HAVE HIGH LEVELS OF MELANIN.THE SUBSTANCE RESPONSIBLE FOR DARK SKIN TONE,IN THIER URINE THAN DO WHITE PEOPLE.

#41. PLAINTIFF'S FOURTEENTH AMENDMENT RIGHTS TO PROCEDURAL SAFE-GUARD RIGHTS HE IS ENTITLED WHEN FACED WITH DISCIPLINARY ACTION UNDER MORRIS V.TRAVISONO, SUPRA.,, WAS DENIED BY THE ACTS OF EACH DEFENDANT, PARAGRAPH ( 1 ) THRU (37) INCORPORATED, WHEN PLAINTIFF WAS DENIED THE RIGHT TO BE AFFORDED ALL PROCEDURAL SAFEGUARD RIGHTS WHEN FACED WITH DISCIPLINARY ACTION, AND CHARGED WITH PUNISHABLE CONDUCT AS SET FORTH IN MORRIS V.TRAVISONO, SUPRA., THAT ESTABLISHES RULESAND REGULATIONS THAT GOVERN DISCIPLINARY, MAIL AND CLASSIFICATION AT THE ADULT CORRECTIONAL INSTITUTIONS.

RELIEF REQUEST:

WHEREFORE, PLAINTIFF REQUESTS THAT COURT GRANT THE FOLLOWING RELIEF:

A. ISSUE AN INJUNCTION ORDERING DEFENDANT WALL, FORTIN AND JOHN AND JANE DOE'S TO:

1. IMMEDIATELY DISCONTINUE DISCIPLINING PLAINTIFF FOR MISCONDUCT VIA AN POLICY # 11.04, CODE OF INMATE DISCIPLINE THAT DENIES HIM PROCEDURAL SAFEGUARD RIGHTS WHEN BEING CGHARGED AND FOUND GUILTY OF MISCONDUCT BY A DISCIPLINARY BOARD AS SET-FORTH IN MORRIS V.TRAVISONO, 499 F.SUPP.149 (1980) CONSENT JUDGMENT THAT ESTABLISHES RULES AND REGULATIONS THAT GOVERNS DISCIPLINARY -CLASSIFICATION AND MAIL PROVCEDURES AT THE A.C.I., AND AMONG OTHER THINGS.

2. IMMEDIATELY DISCONTINUE TAKING URINE TEST FOR DRUG TESTING FROM PLAINTIFF THAT IS NOT IN COMPLIANCE WITH MORRIS V.TRRAVISONO 499 F.SUPP.149 (1980) CONSENT JUDGMENT AT PUNISHABLE CONDUCT CLAUSE CODE (W) THAT STATES: REFUSUAL TO SUBMIT TO REQUIRED EXAMINATION AFTER SUPERIOR OFFICER HAS DETERMINED INMATE IS UNDER THE INFLUENCE OF A NARCOTIC AND/OR ALCOHOLIC STIMULANT.

3. IMMEDIATELY DISCONTINUE CHARGING AND DISCIPLINING PLAINTIFF WITH MISCONDUCT VIA POLICY # 11.01-4 CODE OF INMATE DISCIPLINE THAT THAT DILUTES THE MANDATORY LANGUAGE OF MORRIS V.TRAVISONO, SUPRA., AND WERE ADDED TO MORRIS V.TRAVISONO, SUPRA., VIA THE DEFENDANTS' FILING A MOTION TO MODIFY AND/OR VACATE THE MORRIS V.TRAVISONO, SUPRA., RELATIVE TO DISCIPLINARY PROCEDURES.

4. EXPUNGE THE DISCIPLINARY CONVICTION DESCRIBED IN THIS COMPLAINT FROM THE PLAINTIFF'S INSTITUTIONAL RECORD.

B. GRANT COMPENSATORY DAMAGES IN THE FOLLOWING AMOUNTS:

1. $ 75,000 JOINTLY AND SEVERALLY AGAINST DEFENDANTS WALL, FORTIN AND JOHN AND JANE DOE'S FOR THE UNREASONABLE SEARCH AND SEIZURE OF PLAINTIFF'S PERSON (BODILY FLUIDS) WITHOUT PROBABLE CAUSE., AND EMOTIONAL INJURY SUSTAINED AS A RESULT OF THE UNREASONABLE SEARCH AND SEIZURE OF PLAINTIFF'S PERSON (BODILY - FLUIDS).

2. $ 75,000 JOINTLY AND SEVERALLY AGAINST DEFENDANTS WALL, FORTIN, JOHN AND JANE DOE'S FOR THE PUNISHMENT AND EMOTIONAL INJURY RESULTING FROM THEIR DENIAL OF DUE PROCESS IN CONNECTION WITH THE PLAINTIFF'S DISCIPLINARY PROCEEDINGS AND BEING FOUND GUILTY OF AN INFRACTION BASED UPON AND EMIT TEST RESULT WITHOUT ALTERNATE TEST TO CONFIRM FIRST TEST.

C.GRANT PUNITIVE DAMAGES OF $ 25,000 AGAINST EACH OF THE DEFENDANTS.

D.GRANT SUCH OTHER RELIEF AS IT MAY APPEAR PLAINTIFF IS ENTITLED OR THIS COURT DEEMS NECESSARY.

RESPECTFULLY SUBMITTED
BY:

x Guy Williams