**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Guy Williams,** ***pro se*** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 06-0012S** |
| | : | |
| **Ashbel T. Wall, Director of the Rhode Island Department of Corrections, Ann Fortin, Chief of Program Development, and the Rhode Island Dept. of Corrections** | : | |

**DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(1) AND RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Now come the Defendants in the above-entitled action and hereby submit this Motion to Dismiss under Rule 12(b) (1) and Rule 12 (b) (6) of the Rules of Civil Procedure. Defendants submit that Plaintiff's complaint should be dismissed for failure to establish subject matter jurisdiction under Rule 12(b)(1) and failure to state a claim upon which relief may be granted under Rule 12(b)(6). The reasons for Defendant's motion are set forth in the accompanying Memorandum of Law.

Defendants, by their attorney,

Kathleen Kelly

Kathleen M. Kelly #5501
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage-prepaid, to Plaintiff, Guy Williams, Medium Security, P.O. Box 8274, Cranston, RI 02920, on this 24th day of March, 2006.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Guy Williams,** ***pro se*** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 06-0012S** |
| | : | |
| **Ashbel T. Wall, Director of the Rhode Island Department of Corrections, Ann Fortin, Chief of Program Development, and the Rhode Island Dept. of Corrections** | : | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS UNDER RULE 12**

Now come the Defendants [hereafter referred to as "RI-DOC"] in the above-entitled action and hereby submit this Memorandum of Law in support of its Motion to Dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. Defendants submit that Plaintiff's complaint should be dismissed for failure to establish subject matter jurisdiction under Rule 12(b)(1), and for failure to state a claim upon which relief may be granted under Rule 12(b)(6).

**FACTS AND TRAVEL OF THE CASE:**

Plaintiff, Guy Williams, [hereafter referred to as "Williams"] is an inmate currently confined to the Medium Security facility of the Adult Correctional Institution, located in Cranston, Rhode Island. Williams has brought a civil rights action in the United States Federal District Court for the District of Rhode Island, pursuant to 42 U.S.C. § 1983, alleging RI-DOC has violated his constitutional rights and the "Morris Rules". Williams alleges that on September 22, 2005, he was required to give a urine sample which was subjected to a urinalysis test, said test coming back positive for the

presence of THC. Due to this positive test result, disciplinary proceedings were initiated against Williams wherein he was found guilty and sentenced to 21 days of punitive segregation, 21 days of loss of good time credits, and 30 days loss of visits.

Williams claims the taking of the urine sample was a violation of his Fourth Amendment right against unreasonable search and seizure and a violation of the procedures set forth in the "Morris Rules". He also claims the punishment he received from the disciplinary board was a violation of his constitutional rights and the "Morris Rules".

RI-DOC disagrees and argues that Williams has set forth no set of facts that demonstrate any violations of Fourth or Fourteenth Amendment protections in regards to giving a urine sample to test for the presence of unauthorized or illegal narcotics. He also has no protected liberty interest in the disciplinary proceeding conducted when the urine sample came back positive for THC. Williams has recited no set of facts that entitle him to relief under 42 U.S.C. § 1983. Therefore, RI-DOC argues the complaint should be dismissed under Rule 12 (b) (1) and 12 (b) (6) of the Federal Rules of Civil Procedure.

## ARGUMENT:

### I. Plaintiff's civil action under 42 U.S.C. § 1983:

Williams has brought this action pursuant to 42 U.S.C. § 1983, which states:

> Every person who, under the color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress..

42 U.S.C. 1983.

Section 1983 creates a cause of action for persons who are denied a federally protected right. See, e.g., Baker v. McCollan, 443 U.S. 137 (1979); Maine v. Thiboutot, 448 U.S. 1 (1980). The initial inquiry in a Section 1983 action is whether or not the conduct complained of deprived the plaintiff of a constitutional right or federal statutory right. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The RI-DOC submits that Williams sets forth no facts that give rise to a violation of either a constitutional or federal statutory right. Therefore, his complaint fails to establish any claim for relief that is actionable in the United States Federal District Court.

**II. Williams' assertion that DOC's actions are a violation of the "Morris Rules":**

Williams alleges that the Department of Corrections violated the "Morris Rules" when they required him to give a urine sample and disciplined him for the results of the drug test. However, as stated in his brief, "over the years, a series of rulings by both the Rhode Island Supreme Court and the Federal District Court have been issued....the cumulative effect......is that the Morris Rules no longer apply." Plaintiff's complaint, page 2.

"In Cugini v. Ventetuolo, 781 F.Supp. 107 (1992), District Judge Ronald Lagueux....considered an action brought by a state prison inmate in which the inmate sought to adjudge the prison administration in contempt of the so called "Morris Rules". Judge Lagueux found that a state prisoner 'alleging violations of the Morris rules....properly belonged in state court because the rules were promulgated under state

law and meant to be dealt with by state machinery'."[1] Doctor v. A. T. Wall, 143 F.Supp. 2d 203, 208 (D.R.I. 2001), citing Cugini v. Ventetuolo, 781 F.Supp. 107 (1992). Judge Lagueux dismissed the inmate's complaint for lack of subject matter jurisdiction. Doctor, 781 F.Supp 2d at 209.

In Doctor v. A.T. Wall, 143 F.Supp.2d 203 (D.R.I. 2001), the Federal District Court reiterated this holding, stating "this court lacks subject matter jurisdiction to entertain [classification and disciplinary procedure] claims brought under the so called Morris rules". Doctor, 143 F.Supp.2d at 208. The court reasoned that "no federal question exists and no contempt action may lie for individual violations of the Morris rules, since the Morris rules are meant to be dealt with under state law." Doctor, 143 F.Supp.2d at 209.

Pursuant to the Federal District Court's holdings in Cugini v. Ventetuolo and Doctor v. A. T. Wall, William's complaint of a violation of the "Morris Rules" should be dismissed under Rule 12 (b) (1) for lack of subject matter jurisdiction.

## III. Standard of Review under a 12(b)(6) Motion to Dismiss:

Federal Rule of Civil Procedure 12(b)(6) provides "that a party is entitled to the dismissal of actions that fail to state a claim upon which relief can be granted. In considering a motion to dismiss brought pursuant to this rule, the court must accept the well-pleaded averments of the plaintiff's complaint as true, and view these facts in the light most favorable to the plaintiff". Chongris v. Bd. Of Appeals, 811 F.2d 36, 37(1st

[1] In both L'Heureux v. Department of Corrections, 708 A.2d 549, and DiCiantis v. A. T. Wall, 795 A.2d 1121, the Rhode Island Supreme Court held that state law provides no review for alleged violations of the Morris Rules based on allegations of either disciplinary or classification decisions made by prison officials. The result of these federal and state Court decisions are that the Morris Rules are essentially moot.

Cir. 1987); Brower v. County of Inyo, 489 U.S. 593, 109 S.Ct. 1378, 103 L.Ed. 628 (1989). "A motion to dismiss under Rule 12(b)(6) will only be granted when it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief". Conley v. Gibson, 355 U.S. 41, 45-46; 2 L.Ed. 2d 80; 78 S.Ct. 99 (1957).

However, although the threshold for stating a claim is low, it is not nonexistent. "It is the Plaintiff's burden to take the step which brings his case safely into the next phase of the litigation." Gooley v. Mobil Oil Corp. 851 F.2d 513, 514 (1st Cir. 1988). "It is not enough to allege a general scenario which could be dominated by unpleaded facts, nor merely to allege without specification that defendants used their powers generally with respect to various governmental bodies to plaintiff's prejudice." Merritt v. Aylmer, etc, 1992 U.S. App. Lexis 28857; citing Dewey v. University of New Hampshire, 694 F.2d 1, 3 (1st Cir. 1982).

**IV. Williams' assertion that RI-DOC violated his Fourth and Fourteenth Amendment rights when they required him to give a urine sample.**

Williams claims his Fourth and Fourteenth Amendment rights against unreasonable search and seizure were violated when he was required by staff to submit a urine sample for drug testing. However, "it is well settled that with regard to inmates, unless the procedures used for the taking of urine samples show no regard for human dignity and privacy, the search is reasonable." Miller v. Moran, 1992 U.S. Dist. LEXIS 7586, 1992 WL 119131 (D.R.I. 1992), citing Storm v. Coughlin, 600 F. Supp. 1214, 1223 (S.D.N.Y. 1984). "Compelling governmental interests may outweigh privacy interests and justify a limited intrusion upon privacy. The intrusion is

subjected to less scrutiny when ...it is unrelated to the prosecution of criminal activity. Miller v. Moran at 7, citing Skinner v. Railway Labor Executives Assoc., 489 U.S. 602, 619 (1989).

Although the collection and testing of urine is a search under the Fourth Amendment, Miller v. Moran, 1992 U.S. Dist. LEXIS 7586 at 7, the activities requiring [inmates] to provide urine samples in a confinement setting at the ACI do not constitute a seizure. Miller at 7. "Because the urine testing serves the special government interest of maintaining the orderly administration of the prison – a need distinct from the investigation of crimes – the procedures challenged here....need not be supported by probable cause or any level of particularized suspicion to pass constitutional scrutiny." Miller at 8, citing Skinner at 619.

William's complaint states "the illegal search and seizure of plaintiff's person (bodily fluids) without probable cause as set forth in the mandates of Morris v. Travisono, supra, is a violation of the due process clause of said mandates, U.S. Constitution, and his Fourth Amendment right to be free from unreasonable search and seizure of his person (bodily fluids)." Plaintiff's complaint, page 4, #19. However, neither probable cause nor any level of particularized suspicion is required in the taking of an inmate's urine sample in a prison setting. Williams does not set forth any facts that give rise to a violation of his constitutional rights. Therefore, his complaint regarding the taking of the urine sample should be dismissed under Rule 12(b)(6) of the Federal Rules or Civil Procedure.

## V. Williams' assertion that his Fourth and Fourteenth Amendment rights were violated by the disciplinary proceedings.

Williams claims the disciplinary proceedings initiated against him violated his Fourth and Fourteenth Amendment rights. However, it is well settled that prison disciplinary proceedings and the resultant sanctions do not trigger any due process rights or constitutional protections. Disciplinary sanctions in a prison setting were specifically addressed in Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293. In Sandin, the United States Supreme Court stated, "the Due Process Clause standing alone confers no liberty interest in freedom from state action taken within a sentence imposed." Id.at 480. "The State may in certain circumstances create liberty interests that are protected by the Due Process Clause. But these interests will generally be limited to freedom from restraint which....imposes atypical, significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484. The Court went on to hold that a 30-day sentence to disciplinary segregation "did not present the type of atypical, significant deprivation in which a State might ....create a liberty interest." Id. at 475.

Based on the holding in Sandin, Williams' claim that he has been wrongfully disciplined does not trigger any due process protections. He has set forth no facts that would entitle him to relief from this disciplinary proceeding under 42 U.S.C.§ 1983. The complaint of a violation of his constitutional rights based on these disciplinary proceedings should be dismissed under Rule 12 (b) (6) of the Federal Rules of Civil Procedure.

## CONCLUSION:

For all the reasons set forth in this Memorandum of Law, the RI-DOC respectfully submits that Williams has not establish a valid claim under 42 U.S.C. § 1983. His claims of violations of the Morris Rules should be dismissed under Rule 12 (b) (1) for failure to demonstrate subject matter jurisdiction. His claims of violations of his Fourth and Fourteenth Amendment protections should be dismissed under Rule 12 (b) (6) for failure to state a claim in which relief may be granted. Williams has set forth no facts that demonstrate any constitutionally protected rights or federal statutory rights have been violated.

Defendants, by their attorney,

Kathleen Kelly

Kathleen M. Kelly #5501
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622
(401) 462-2583 *fax*

## Certification

I hereby certify that a true copy of the within document was mailed, postage-prepaid, to Plaintiff, Guy Williams, Medium Security, P.O. Box 8274, Cranston, RI 02920, on this 24th day of March, 2006.