UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND.

Guy williams

V. C.A.NO. 06-00125

Ashbel t. wall et. al.

MEMORANDUM OF LAW

DEFENDANTS' THROUGH THEIR ATTORNEY CONTEND IN THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT IS BASED UPON THEIR RELIANCE ON CASE DOCTOR V. WALL,143 F.SUPP.2d 203,208 (D.R.I.2001), CITING CUGINI V.VENTETUOLO,781 F.SUPP.107 (1992).IN WHICH,THE HONORABLE JUDGE LAGUEUX CONCLUDED IN A NUT SHELL THAT THIS HONORABLE COURT LACKED SUBJECT MATTER JURISDICTION TO ENTERTAIN SUITS FILED BY PRISONER THAT DEALT WITH CLASSIFICATION AND DISCIPLINARY PROCEDURE VIOLATIONS AND/OR TO ADJUDGE THE PRISON ADMINISTRATION IN CONTEMPT OF THE MORRIS RULES.AND THAT RULES WERE PROMULGATED IN STATE COURT AND BELONG IN STATE COURT., IS WITHOUT BASIS OR MERIT,IN LIGHT OF THE LEGAL ARGUMENT AND CASE LAW PLAINTIFF WILL PRESENT TO THIS HONORABLE COURT.

PLAINTIFF OBJECTS TO DEFENDANTS' MOTION TO DISMISS HIS COMPLAINT PURSUANT TO RULES 12 (B) (1) AND 12 (B) (6) OF THE F.R.C.P., IN SEVERAL RESPECTS AND STATES ASA FOLLOWS:

FIRST AND FOREMOST,PLAINTIFF ASSERTS TO THIS HONORABLE COURT,THAT IN HIS COMPLAINT HE STATED A CLAIM UPON WHICH RELIEF COULD BE GRANTED WHEN HE ALLEGED THAT DEFENDANTS':

1.VIOLATED HIS 4TH AND 14TH AMENDMENT RIGHTS TO THE U.S.CONSTITUTION TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURE OF HIS PERSON (BODILY FLUIDS)WHEN DEFENDANTJOHN DOE (S) ORDERED HIM TO SUBMIT TO URINALYSIS TESTING FOR DRUG TESTING WITHOUT PROBABLE CAUSE AS STATED IN MORRIS V.TRAVISONO,SUPRA.,SEE,EXHIBIT ( d ) ATTACHED HERETO IN SUPPORT THEREOF.

2.VIOLATED HIS 4TH AND 14TH AMENDMENT RIGHTS TO EQUAL PROTECTION AND DUE PROCESS OF LAW CHARGED AND FOUND GUILTY OF MISCONDUCT BY A SO:CALLED DISCIPLINE BOARD OF BEING UNDER THE INFLUENCE OF DRUGS BASED UPON A UNCONFIRMED EMIT TEST WITHOUT AN ALTERNATIVE TESTING METHOD THAN EMIT MACHINE.

3.VIOLATED HIS 4TH AND 14 TH AMENDMENT RIGHTS WHEN HE WAS CHARGED AND FOUND GUILTY OF BEING UNDER THE INFLUENCE OF DRUGS "THC" BY DEFENDANTS' VIA A EMIT TEST THAT IS UNRELIABLE AND RACIALLY BIAS.BECAUSE PLAINTIFF,A AFRICAN AMERICAN MALE,BLACK PEOPLE ARE DISPROPORTINATELY OBTAIN FALSE POSITIVES FOR DRUG USE ON THE EMIT TEST.DUE TO HAVE HIGH LEVELS OF MELANIN.THE SUBSTANCE RESPONSIBLE FOR DARK SKIN TONE,IN THEIR URINE THAN DO WHITE PEOPLE.SEE,STORMS VCOUGHLIN,600 F.SUPP.1214 (S.DN.Y.1984),JONES V.MCKENZIE,628 F.SUPP.1500 (D.D.C.1986)AND ATTACHED EXHIBIT ( A ) THRU ( C ) IN SUPPORT THEREOF.

4.VIOLATED HIS 14 TH AMENDMENT RIGHT TO PROCEDURAL SAFEGUARDS WHEN FACED AND FOUND GUILTY OF PUNISHABLE CONDUCT AS SET-FORTH IN MORRIS V.TRAVISONO,SUPRA.,SEE,EXHIBIT ( d ) ATTACHED HERETO IN SUPPORT THEREOF.

PLAINTIFF FURTHER ASSERTS TO THIS HONORABLE COURT,THAT,VIA MORRIS V.TRAVISONO,499 F.SUPP.149 AT PAGE 173-174 IT STAES:

> "REFUSAL TO SUBMIT TO REQUIRED EXAMINATION AFTER SUPERIOR OFFICER HAS DETERMINED INMATE IS UNDER THE INFLUENCE OF A NARCOTIC AND/OR ALCOHOLIC STIMULANT".

IS NOT JUST A POLICY OF DEFENDANTS' BUT IS THE LAW.AND A 4TH AMENDMENT RIGHT AND PROBABLE CAUSE BY THEIR RULES THEY NO LONGER FOLLOW BY THEIR OWN ADMISSION.SEE,EXHIBIT ( E ) THRU ( A ) ATTACHED HERETO IN SUPPORT THEREOF.

PLAITIFF ASSERTS TO THIS HONORABLE COURT,THAT,DEFENDANTS' CONTEND THAT THE RHODEN ISLAND SUPREME COURT AND THE FEDERAL COURT CONCLUDED,AND THE DEFENDANTS' ALLEGED THESE DECISIONS INCLUDE L'HEUREUX V.DEPARTMENT OF CORRECTIONS,708 A.2d 549 R.I.1998),DECIANTIS V.WALL,795 A.2d 1021 (R.I.2002),DOCTOR V.WALL,143 F.SUPP.2d 203,(D.R.I.2001) AND CUGINI V.VENTETUOLO, 781 F.SUPP.107 (D.R.I.1992).THE CUMMULATIVE EFFECT OF THESE RULINGS IS THAT THE <u>MORRIS RULES NO LONGER APPLY</u>.SEE,EXHIBIT (A) THRU ( E ) ATTACHED HERETO IN SUPPORT THEREOF.

PLAINTIFF ASSERTS TO THIS HONORABLE COURT,THAT,RHODE ISLAND PRISON INMATES ARE INDEED STILL ENTITLED TO SEEK RELIEF IN THE FEDERAL DISTRICT COURT OF RHODE ISLAND AS A CONSEQUENCE OF A VIOLATION (BY PRISON ADMINISTRATORS,GUARDS AND/OR EMPLOY- EES) OF THE <u>MORRIS RULES</u>.

IT IS IMPORTANT TO POINT OUT TO THIS HONORABLE COURT,THAT,IN FACT,RHODE ISLAND PRISON INMATES (IN CONTEMPLATION OF RELEVANT LAW) CAN SEEK RELIEF FOR SUCH VIOLATIONS OF THE MORRIS RULES IN THIS COURT SYSTEM.THE SAID PRISON INMATES HAVE THE RIGHT TO SEEK RELIEF IN:

1.THE FEDERAL DISTRICT COURT OF RHODE ISLAND.

PLAINTIFF FURTHER ASSERTS TO THIS HONORABLE COURT,THAT,THE FEDERAL DISTRICT COURT OF RHODE ISLAND MAY ACQUIRE JURISDICTION TO HEAR MORRIS RULES VIOLATION CASES BY VIRTUE OF:

1.THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE U.S.CONSTITUTION,OR,

2.THE CONSENT DECREE OF MORRIS V.TRAVISONO,C.A.NO.4192 (D.R.I. APRIL 20,1972) (FINAL DECREE).

WE NOW THEREFORE,TAKE A SLIGHTLY MORE IN-DEPTH LOOK AT THE ABOVE ILLUSTRATED WAYS IN WHICH THE U.S.DISTRICT COURT (FEDERAL) MAY OBTAIN JURISDICTION OVER CASES INVOLVING VIOLATIONS OF MORRIS RULES.

I.

A. WHETHER A VIOLATION OF THE PROCEDURAL PROVISIONS OF A RHODE ISLAND PRISON INMATE WITHIN THE MEANING OF THE DUE PROCESS CLAUSE.

THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION,IN PERTINENT,PART,READS:

"NO STATE SHALL.........DEPRIVE ANY PERSON OF..... LIBERTY..... WITHOUT DUE PROCESS OF LAW"

SECTION I.

IN SANDIN V.CONNER,_____U.S._______,NO.93-1911,1995 U.S. LEXIS 4069 (JUNE 19,1995),THE UNITED STATES SUPREME COURT MERELY DETERMINED THAT THE TIME HAD COME TO RETURN TO THE DUE PROCESS PRINCIPLES ESTABLISHED AND APPLIED IN WOLFF V.MCDONNELL,427 U.S539,94 S.CT.2963,41 L.ED.2d 935 (1974) AND MEACHUM V.FANO,427 U.S. 215,96 S.CT.2532,49 L.ED.2d 451 (1976).

IN MORRIS V.TRAVISONO,499 F.SUPP.149,153-154 (D.R.I.1980),THE THEN CHIEF JUDGE OF THE FEDERAL DISTRICT COURT OF RHODE ISLAND, RAYMOND J.PETTINE,NEATLY SUMMARIZED THE COURT'S HOLDINDS IN BOTH WOLFF AND MEACHUM AS THEY RELATE TO DUE PROCESS:

"IN MEACHUM,INMATES OF MASSACHUSETTS PRISON CLAIMED THAT THEIR TRANSFER TO A LESS DESIRABLE INSTITUTION WITHIN THE STATE WITHOUT AND ADEQUATE FACT-FINDING HEARING DEPRIVED THEM OF LIBERTY WITHOUT DUE PROCESS OF LAW.IN HOLDING FOR THE STATE,THE THE COURT REJECTED THE NOTION THAT ANY GRIEVOUS LOSS INVOKES THE DUE PROCESS CLAUSE.THE COURT HELD THAT A PRISONER HAD

SEE NEXT PAGE

NO LIBERTY INTEREST IN BEING CONFINED TO A PARTICULAR STATE PRISON OR IN NOT BEING TRANSFERRED.THE GRIEVOUS LOSS THEORY, THE COURT REASONED,WOULD SUBJECT TO FEDERAL JUDICIAL REVIEW A WHOLE SPECTRUM OF DISCRETIONARY ACTIONS THAT HAVE TRADITIONALLY BEEN THE PROVINCE OF PRISON ADMINISTRATORS.

IN SO HOLDING ,THE COURT DISTINGUISHED WOLFF V.MCDONNELL,418 U.S. 539,94. S.CT.2963,41 L.ED.2d 935 (1974),IN WHICH IT FOUND THAT NEBRASKA INMATES WERE ENTITLED TO DUE PROCESS PROTECTIONS WHEN THEY WERE DEPRIVED OF GOOD TIME CREDITS BECAUSE OF MISCONDUCT.IN WOLFF,THE STATE ITSELF,NOT THE CONSTITUTION,HAD NOT ONLY PROVIDED A STATUTORY RIGHT TO GOOD TIME,BUT ALSO SPECIFIED THAT IT IS TO BE FORFEITED ONLY FOR SERIOUS BEHAVIOR.MEACHUM,AT 226,96 S.CT.AT 2539.THUS,THE MEACHUM COURT RECOGNIZED THAT STATE IMPOSED LIMITATIONS ON THE DISCRETION OF PRISON OFFICIALS CAN CREATE A LIBERTY INTEREST AND THUS TRIGGER THE PROCEDURAL PROTECTIONS OF THE DUE PROCESS CLAUSE.THIS DISTINCTION WAS SUMMARIZED BY THE COURT IN AN OPINION RELEASED THE SAME DAY AS MEACHUM:

WE HELD IN MEACHUM V.FANO,THAT NO DUE PROCESS CLAUSE LIBERTY INTEREST OF A DULY CONVICTED PRISON INMATE IS INFRINGED WHEN HE IS TRANSFERRED FROM ONE PRISON TO ANOTHER WITHIN THE STATE, WHETHER WITH OR WITHOUT A HEARING,ABSENT SOME RIGHT OR JUSTIFIABLE EXPECTATION ROOTED IN STATE LAW THAT HE WILL NOT BE TRANSFERRED EXCEPT FOR MISBEHAVIOR OR UPON THE OCCURRENCE OF OTHER SPECIFIED EVENTS.

MONTANYE V.HAMES,427 U.S. 236,242,96 S.CT.2543,2547,49 L.ED 2d 466 (1976)
(EMPHASIS ADDED)...........,.................................

MORRIS V.TRAVISONO,499 F.SUPP.AT153-154.

IN SHORT,THEN,WOLFF AND MEACHUM (AND BY EXTENTION,THE RECENT CASE OF SANDIN V.CONNER,STANDS FOR THE PROPOSITON THAT:

"..(THE) DUE PROCESS CLAUSE LIBERTY INTEREST OF A DULY CONVICTED PRISON INMATE IS INFRINGED WHEN.....SOME RIGHT OR JUSTIFIABLE EXPECTATION ROOTED IN STATE LAW (IS DENIED TO THAT PRISON INMATE BY A PERSON WHO IS ACTING UNDER COLOR OF STATE LAW)."(EMPHASIS ADDED).............................................

MONTAYNE V.HAMES,427 U.S.AT 242,96 S.CT.AT2547.

NOW INSOMUCH AS IT IS AN OBJECTIVE FACT THAT THE LANGUAGE STRUCTURE,AND CONTEXT OF THE MORRIS RULES EXPLICITLY PROVIDE RHODE ISLAND INMATES WITH WHAT CAN BE DESCRIBED AS NOTHING LESS THAN "RIGHT(S)" OR JUSTIFIABLE EXPECTSTION(S)", THE ONLY QUESTION LEFT TO ANSWER ON THE ROAD TO ULTIMATELY ANSWERING THE CENTRAL QUESTION OF WHETHER " THE DUE PROCESS CLAUSE LIBERTY INTEREST OF A DULY CONVICTED (RHODE ISLAND) PRISON INMATE IS INFRINGED" BY A VIOLATION OF THE SAID MORRIS RULES IS THE QUESTION OF WHETHER THOSE " RIGHT(S) OR JUSTIFIABLEEXPECTATION(S)" MADE EXPLICIT BY ANF THROUGH THE MORRIS RULES ARE " ROOTED IN STATE LAW".

WHEREFORE:

PLAINTIFF WOULD REQUEST THAT THIS HONORABLE COURT DISREGARD AND DENY DEFENDANTS' MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT FOR THE REASONS PROFERRED IN THE ACC-OMPANYING MEMORANDUM OF LAW AND EXHIBITS ATTACHED HERETO IN SUPPORT THEREOF.

RESPECTFULLY SUBMITTED,

[signature]