UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**GUY WILLIAMS,** *pro se*

v.                                                                                              C.A. No. 06-012 S

A.T. WALL, Director of the Rhode Island
Department of Corrections,
ANN FORTIN, Chief of Program Development,
and the RHODE ISLAND DEPARTMENT
OF CORRECTIONS

### Report and Recommendation

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff Guy Williams, a *pro se* inmate incarcerated at the Rhode Island Department of Corrections, Adult Correctional Institutions, filed a Complaint pursuant to 42 U.S.C. § 1983 and named as defendants the Rhode Island Department of Corrections ("RI DOC"), its Director Ashbel T. Wall, and Ann Fortin, Chief of Program Development at the RI DOC. Plaintiff alleges in his Complaint that the defendants violated his Fourth and Fourteenth Amendment rights and the so called "Morris Rules." Currently before the Court is the motion of the defendants to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Plaintiff has objected thereto. This matter has been referred to me for a report and recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B). For the reasons that follow, I recommend that the defendants' motion to dismiss be granted.

### Background

The following are the facts from the plaintiff's Complaint, which are taken as true for the purpose of the instant motion.

1

On September 22, 2005, officials at the RI DOC ordered Williams to submit to a urinalysis drug test. The results of the test indicated that Williams used marijuana. Accordingly, the RI DOC initiated disciplinary proceedings against Williams, ultimately finding him guilty of violating a prison regulation. Consequently, the RI DOC sanctioned Williams to 21 days of punitive segregation with a 21 days loss of good time credits and 30 days loss of visitation privileges.

Williams filed suit seeking relief. Williams first claims that RI DOC's drug test violated his Fourth Amendment right to be free from unreasonable searches because the defendants lacked probable cause to conduct the test. Second, Williams claims that the subsequent disciplinary proceedings and the resultant sanctions violated his Fourteenth Amendment due process rights. Next, Williams alleges that the urinalysis drug test violated his Fourteenth Amendment guarantee of equal protection because he is an African American and that the particular type of drug test used is "unreliable and racially bias[ed]." Finally, Williams claims the RI DOC violated the Morris Rules.

Defendants have moved to dismiss Williams' constitutional claims pursuant to Fed. R. Civ. P. 12(b)(6) and have moved to dismiss his Morris Rules claims pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff has objected.

**Discussion**

**I. Defendants' Rule 12(b)(6) Motion**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of actions which fail to state a claim upon which relief can be granted. In ruling on a motion filed under Rule 12(b)(6), the court must "accept the well pleaded averments of the ... complaint as true, and construe these facts in the light most favorable to the [plaintiff]." Chongris v. Bd. of Appeals, 811 F.2d 36, 37 (1st Cir. 1987). A Rule 12(b)(6) motion will only be granted when, viewed in this manner, it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which

2

would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Under a Rule 12(b)(6) motion, "a reviewing court is obliged neither to credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, nor to honor subjective characterizations, optimistic predictions, or problematic suppositions." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992). Unverifiable conclusions, not supported by the stated facts, deserve no deference. Id. Thus, in ruling on the motion to dismiss, the pertinent inquiry is whether plaintiff's Complaint sets forth sufficient factual allegations which, if proven, would support his claims of a deprivation of federal rights.

Plaintiff has brought this action pursuant to 42 U.S.C. § 1983. Section 1983 provides, in pertinent part:

> Every person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.

Section 1983 creates a cause of action for persons who are denied a federally protected right. See, e.g., Baker v. McCollan, 443 U.S. 137 (1979) (constitutional deprivations); Maine v. Thiboutot, 448 U.S. 1 (1980) (statutory deprivations). The initial inquiry in a Section 1983 action is (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether the conduct deprived the plaintiff of a constitutional right or a federal statutory right. Gomez v. Toledo, 446 U.S. 635, 640 (1980). There is no dispute that the defendants acted under the color of state law. The only question is whether the facts alleged rise to a violation of the plaintiff's constitutional rights.

### A. Plaintiff's Fourth Amendment Claim

Plaintiff Williams first claims that the urinalysis drug test was conducted in violation of his Fourth Amendment right to be free from unreasonable searches because, he alleges, the RI DOC was without probable cause to conduct the test. He is mistaken.

The Fourth Amendment protects expectations of privacy, Winston v. Lee, 470 U.S. 753, 758 (1985) (quoting Katz v. United States, 398 U.S. 347 (1967)), and because the testing of one's urine constitutes an instrusion on that expectation, the Fourth Amendment's requirement of a reasonable search applies. See Skinner v. Ry. Labor Executives Ass'n, 489 U.S. 602, 617 (1989). Searches conducted without a warrant are presumed unconstitutional. Stoner v. California, 376 U.S. 483 (1964). However, exceptions to the warrant requirement exist, particularly where a compelling governmental interest outweighs the privacy interest at stake. See Skinner, 489 U.S. at 619. Moreover, the intrusion is subjected to less rigorous scrutiny when it is not performed for the purpose of prosecuting criminal behavior. Id.

Here, the plaintiff's privacy interest is diminished by the fact that he is, and was at the time of his urinalysis test, a legally convicted inmate housed in a correctional institution. See Hudson v. Palmer, 468 U.S. 517, 525-26 (1984); Bell v. Wolfish, 441 U.S. 520, 545-46 (1979) ("A detainee simply does not possess the full range of freedoms of an unincarcerated individual."). The governmental interest in maintaining prison order is particularly strong and the U.S. Supreme Court has noted the threat to institutional security posed by inmate drug use. See Bell, 441 U.S. at 546-47 ("maintaining institutional security and preserving internal order and discipline are essential goals that may require limitations or retraction of the retained constitutional rights of ... convicted prisoners ..."); Block v. Rutherford, 468 U.S. 576, 588-89 (1984) ("We can take judicial notice that the unauthorized use of narcotics is a problem that plagues virtually every penal and detention center

4

in the country."). Thus, given the wide-ranging deference allowed by prison administrators to preserve internal order and discipline, see Bell, 441 U.S. at 548, and that the urinalysis test was not conducted as part of a criminal investigation, the defendants need not have probable cause to conduct drug tests on legally incarcerated inmates. Accordingly, plaintiff's Fourth Amendment claim is without merit.

Since the defendants need not have probable cause to conduct drug tests on legally confined inmates, the defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted on plaintiff's Fourth Amendment claim. I so recommend.

### B. Plaintiff's Due Process Claim

Next, Plaintiff claims a violation of his Fourteenth Amendment due process rights. In order to invoke the protections of the Due Process Clause, plaintiff must allege some sort of interference with a protected liberty interested. Here, plaintiff asserts that the sanctions imposed implicate a liberty interest protected by the due process clause. He is mistaken.

"The Due Process Clause standing alone confers no liberty interest in freedom from state action taken within the sentence imposed." See Sandin v. Conner, 515 U.S. 472, 480 (1995). To implicate a liberty interest protected by the Due Process Clause, a plaintiff must allege a deprivation that is "atypical and significant on the inmate in relation to the ordinary incidents of prison life." See id. at 484. Here, the RI DOC sanctioned the plaintiff to 21 days of punitive segregation with 21 days loss of good time credits and 30 days loss of visitation privileges. Pursuant to Sandin, plaintiff's allegations fail to come within the reach of the "atypical" and "significant" benchmark which would implicate a liberty interest protected by the Fourteenth Amendment. See id. (holding that an inmate's sentence of 30 days punitive segregation did not implicate the Due Process Clause);

see also Dominique v. Weld, 73 F.3d 1156, 1160-61 (1st Cir. 1996) (holding a state's revocation of an inmate's nearly four year participation in a work release program did not implicate a liberty interest).

Accordingly, since the plaintiff's has failed to allege an interference with a liberty interested protected by the Due Process Clause, the defendants' motion to dismiss should be granted on this claim. I so recommend.

### C. Plaintiff's Equal Protection Claim

Next, plaintiff also alleges that the urinalysis test used by RI DOC is "unreliable and racially bias[ed]," in violation of the Equal Protection Clause of the Fourteenth Amendment. To state an equal protection claim under § 1983, plaintiff must allege "that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." Alexis v. McDonald's Restaurants of Massachusetts, Inc., 67 F.3d 341, 354 (1st Cir. 1995). Here, plaintiff properly alleges that he is a member of a suspect class, satisfying the first prong. See Pagan v. Calderon, 448 F.3d 16, 35-36 (1st Cir. 2006) (acknowledging race as a suspect class under the Equal Protection Clause).

To be successful on the second prong, plaintiff must allege facts indicating that the discrimination was intentional. See Village of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 256-66 (1977). Intent is an essential element of an equal protection claim. Id. Here, plaintiff complains generally about an alleged disparate impact of the drug test used. No facts alleged assert that these defendants had an intent to discriminate against the plaintiff.

Accordingly, I find that the defendants' motion to dismiss plaintiff's equal protection claims should be granted. I so recommend.

## II. Defendants' Rule 12(b)(1) Motion

Finally, plaintiff asserts a violation of the so called <u>Morris</u> Rules. See <u>Morris v. Travisano</u>, 499 F. Supp. 149, 161-74 (D.R.I. 1980). Defendants have moved to dismiss this claim pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

Rule 12(b)(1) provides for the dismissal of actions which do not fall under a federal court's statutory or constitutional authority to hear and decide the dispute. In order "[f]or a federal court to have subject matter jurisdiction over a dispute, a statute must confer jurisdiction on the federal court and must be consistent with the Constitution." <u>Sallen v. Corinthians Licenciamentos LTDA</u>, 273 F.3d 14, 23 (1st Cir. 2001) Subject matter jurisdiction depends upon the facts of the case at the time of the filing of the complaint, although subsequent events can defeat jurisdiction. <u>Id.</u> at 23, 23 n.7. When reviewing a motion to dismiss under Rule 12(b)(1), the court must accept as true the plaintiff's well-pleaded allegations, excluding only "bald conclusions, unrelieved rhetoric, and pejorative epithets." <u>Viqueira v. First Bank</u>, 140 F.3d 12, 15 (1st Cir. 1998). The burden rests on the plaintiff to establish the existence of federal subject matter jurisdiction. <u>Id.</u> at 16.

Because the <u>Morris</u> Rules are state regulations, a plaintiff cannot bring a cause of action alleging violation of the <u>Morris</u> Rules in federal court without also alleging a federal constitutional or statutory violation. <u>Doctor v. Wall</u>, 143 F. Supp. 2d 203, 205 (D.R.I. 2001). Since plaintiff has failed to properly allege a constitutional violation, plaintiff's state law claims - his <u>Morris</u> Rules claims - should be dismissed. I so recommend.

### Conclusion

For the reasons states above, I recommend that the defendants' motion to dismiss be granted. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to filed timely,

specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

/s/ Jacob Hagopian
_____
Jacob Hagopian
Senior United States Magistrate Judge
August 15, 2006